## IN THE MATTER OF THE ESTATE OF BASIL CIRI, DECEASED.

Superior Court of New Jersey
Appellate Division

Argued April 10, 1974—Decided April 25, 1974.

Before Judges CARTON, LORA and SEIDMAN.

*Mr. Jesse Moskowitz* argued the cause for appellants (*Mr. William E. Andersen* of counsel and on the brief).

*Mr. John R. Armstrong* argued the cause for respondent (*Messrs. Kirkman, Mulligan, Bel and Armstrong,* attorneys).

The opinion of the court was delivered by

LORA, J. A. D. This is an appeal from an order of the Atlantic County Court, Probate Division, denying the application of Albanian residuary legatees under the will of Basil Ciri to compel payment to them of their distributive shares.

Ciri, a native of Albania, died testate a resident of Atlantic City on November 10, 1964, naming his brother and two sisters, residing in Albania, residuary legatees.

The will provided that since it was possible that restrictions on property rights enforced by the government of the country

in which the beneficiaries were living might prevent their free enjoyment of the bequests, the executor and two other named individuals were to constitute a committee to decide in their complete discretion when and what amounts the principal and income were to be distributed, with leave to apply to the courts of New Jersey for directions if in doubt as to such free enjoyment.

Pursuant to the foregoing, appellant-beneficiaries have received intermittent payments, totalling some $2,200 per beneficiary. In 1972, on the return of an order to show cause why the trustee's (The First National Bank of South Jersey) intermediate account should not be approved, the beneficiaries' attorneys-in-fact requested immediate distribution of the balance of the estate.

At the hearing a former Albanian lawyer and judge, now resident in Maryland and who was last in Albania in 1948, but who had kept abreast of developments therein, testified that the Albanian Constitution guaranteed the enjoyment of private property and the right of inheritance; that private property could not be taken without due process of law; that money sent there from the United States would not be confiscated; and that if for any reason, political or otherwise, a person would not be permitted to receive such funds, the money would be returned to the sender; that there are no Albanian inheritance taxes, and that in any event it was advisable to disburse large amounts over $50,000 in installments of not more than $10,000. He further testified the funds could be used to buy or build a house, go into a small business, for furniture, for vacations and for everyday living.

One of the committee of three, who was in Albania in 1966, testified that the beneficiaries were advanced in years; that decedent's brother was not capable of receiving or managing his estate due to lack of education; that the decedent's wish was that the money remain here, draw interest and be used to care for his brother and sisters. The funds, he said, would be safer here. However, he did not meet decedent's family when in Albania.

The trial judge found that the beneficiaries received limited benefits from the monies sent them, not in the sense that the government confiscated any part of the funds, but "limited in the sense as to the use that can be made of same"; that economic and social conditions existing in Albania restricted the "free enjoyment" of such monies. He referred to *N. J. S. A.* 3A:25–10 in addition to the will as authority for retaining trust proceeds where it appeared that the beneficiary would not have the benefit or use or control of the money. He further found that the decedent's fear was not that the funds would not come to them for their use, but how they could use the funds. As a consequence thereof, plaintiffs' application for distribution was denied.

Thereafter, the beneficiaries sent letters to the trustee bank requesting their full distributive shares. In June 1973 the attorneys-in-fact again moved for distribution but the trial judge, after hearing, concluded that no facts were adduced which would indicate there had been any change in the situation in Albania which would give the beneficiaries the "free enjoyment" of the monies. The application was denied. This appeal was taken from the adverse judgment entered. At oral argument it was indicated the total trust corpus is now approximately $17,000 to $18,000.

Appellants contend that since the trial judge found the beneficiaries had the benefit or use or control of estate funds, it was error to deny immediate distribution because they allegedly did not have "full enjoyment" thereof; that it was error not to hold that the trustee committee abused its discretion in refusing to distribute the residue of the estate, and that the decision to deny immediate distribution of the assets of the estate constituted an impermissible intrusion by the court into the field of foreign affairs, entrusted by the Constitution solely to the President and the Congress.

The primary issue for determination is whether "free enjoyment" as set forth in decedent's will is legally distinguishable from "benefit, use or control" as provided in *N. J. S. A.* 3A:25–10.

There is no doubt decedent sought to ensure that his beneficiaries would not be deprived of the free enjoyment of their bequests by "restrictions on property rights enforced by the government [of Albania]." The trial judge found no such restrictions but construed the provision to include economic and social conditions which might make it difficult for the beneficiaries to spend the money because of a scarcity of consumer goods or of items they desired to buy.

The trial judge relied in part upon *N. J. S. A.* 3A:25-10 which authorizes the deposit in court of a legacy where it appears the beneficiary would not have the benefit or use or control of the money or other property due him, to be paid out only by order of the court. However, as noted in *In re Kish,* 52 *N. J.* 454, 459 (1968), the purpose of the statute, as set forth in the statement attached to the bill at the time of its introduction, is to authorize such deposits in cases where the transmission or payment to a person in a foreign country might be circumvented by confiscation in whole or in part.

The statute was held to be valid only where transmittal or delivery is prohibited by our Federal Government or where it is clear that receipt or use is forbidden or made impossible by the laws of the beneficiary's country. It was further held, on the basis of *Zschernig v. Miller,* 389 *U. S.* 429, 88 S. Ct. 664, 19 L. Ed. 2d 683 (1968), reh. den. 390 *U. S.* 974 (1968), 88 S. Ct. 1018, 19 L. Ed. 2d 1196 that state courts may not become involved in matters of the practical administration of foreign laws, not prohibitory or confiscatory on their face, nor predicate a decision on comparison of political, social or economic systems. *Kish,* 52 *N. J.* at 466.

Moreover, a reading of decedent's will furnishes no basis for the trial judge's conclusion that the "free enjoyment" of which decedent spoke is to be distinguished and differentiated from the concept of benefit, use and control as set forth in *N. J. S. A.* 3A:25-10. Paragraph Second of the will provides in pertinent part:

Any distribution or distributions shall be completely within their discretion. If because of their doubt as to such free enjoyment any portion of the principal and interest is not paid and there is no probability that such can be paid because of the restrictions or because of the death of any of the parties the committee shall apply to the courts of New Jersey for directions as to the disposition of the assets as may be provided by the laws of New Jersey.

 It is clear the decedent contemplated a possible lump sum payment of trust corpus and that when he spoke of "free enjoyment" he did not mean the economically unfettered enjoyment the trial judge read into the will, but rather legal restrictions imposed by the Albanian government which would prevent the beneficiaries' use, benefit and control of the monies. While the trustees have "complete" discretion, that discretion must be related to the purposes of the will.

Persuasive authority for such construction and the equating of "free enjoyment" with "benefit, use or control" is found in *In re Kosek*, 31 *N. Y.* 2d 475, 341 N. Y. S. 2d 593, 294 *N. E.* 2d 188 (Ct. App. 1973), where testator provided that a trust for Czechoslovakian beneficiaries should terminate if they either did not reside in a communist-dominated country or they had "arrived in a country" in which they might "fully and freely enjoy" the benefits of testator's property.

The respondent in *Kosek* contended that the "full and free enjoyment" envisioned by the New York testator imposed a more stringent requirement for the transfer of the trust principal than the statutory requisite of "benefit, use or control." In ruling that the trust terms had been met and lump sum distribution should accordingly be made, the court held:

Nor do we find merit in the respondent's further semantic argument that "full and free enjoyment" (par. Fifth of will) means something other, and more strict, than "benefit, use or control" (par. Eighth of will). In our judgment, and it is confirmed by analysis of the pertinent paragraphs, those terms, as used by the testator, are synonymous. As the Surrogate observed, "a reading of the entire will" makes it clear that, "when the testator was talking about full

and free enjoyment of the fund he meant use, benefit and control." We would merely add that, if a person has the "benefit, use and control" of property, he generally has its "enjoyment," and the content of the latter concept is not enlarged by addition of the adjectives "full and free." [341 N. Y. S. 2d at 598, 294 *N. E.* 2d at 192]

Assuming, *arguendo,* that inquiry by the probate court is not limited to a determination as to whether transmission or delivery of funds is prohibited by the Federal Government or whether receipt or use is forbidden or made impossible by the law of the beneficiary's country, *Kish,* 52 *N. J.* at 466, we nevertheless can not agree with the trial judge that limited availability and range of consumer goods in Albania is such an impediment to the beneficiaries as to constitute a denial of "free enjoyment" of the trust corpus.

Reversed and remanded for entry of a judgment of distribution and for further proceedings consistent with this opinion.